966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne THOMPSON and Gus Moss, Defendants-Appellants.
 Nos. 91-5491, 91-5484.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1992.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Wayne Thompson ("Thompson") appeals his conviction for possession of cocaine base, possession with intent to distribute cocaine, and carrying a firearm during a drug trafficking offense. Defendant Gus Moss ("Moss") appeals his conviction of possession with intent to distribute cocaine and carrying a firearm during a drug trafficking offense. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND to the District Court.
 
 I.
 
 2
 On October 11, 1990, Memphis police officers Eddie Bass, Jr. and Daryl Smith were on patrol. The officers observed defendants Thompson and Moss standing in front of 919 Kney. The officers got out of their patrol car in front of 915 Kney and walked toward the defendants. Officer Bass walked toward Thompson and observed Thompson place a match box on the ground in front of 915 Kney. Officer Bass detained Thompson and he then took him to the patrol car where he patted him down before placing him in the squad car. It was then he first noticed that Thompson had a .22 caliber pistol sticking out of the waistband of his pants. Officer Bass then retrieved the matchbox and discovered inside a substance later identified as .3 grams of cocaine base.
 
 
 3
 As Officer Smith approached Moss, he observed Moss remove from his jacket three bags of a powered substance and throw them on the ground. This substance was later determined to be cocaine. Officer Smith conducted a pat down for weapons, placed Moss in the squad car, and then recovered the bags from the street. They contained 20.6 grams of cocaine.
 
 
 4
 Thompson and Moss were indicted by a grand jury in a three count indictment. Count 1 charged the defendants with aiding and abetting each other with possession with intent to distribute .3 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count 2 charged the defendants with aiding and abetting each other with possession with intent to distribute 20.6 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count 3 charged the defendants with aiding and abetting each other with carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).
 
 
 5
 The jury convicted both defendants of Counts 2 and 3. On Count 1, the jury found Moss not guilty, and found Thompson not guilty as charged, but guilty of the lesser included offense of simple possession. Thompson was sentenced to 12 months on Count 1 to be served concurrently with 15 months on Count 2. He received a 60 month sentence on Count 3 to be served consecutively. Moss was sentenced to 12 months on Count 2 and 60 months on Count 3 to be served consecutively.
 
 
 6
 Moss filed a motion for judgment of acquittal as to Count 3, claiming there was insufficient evidence to support his conviction. This motion was denied by the District Court. Both defendants have appealed their convictions.
 
 II.
 
 7
 Moss argues that his conviction on Count 2 should be reversed because the government failed to present sufficient evidence of Moss' intent to distribute the cocaine in his possession. We review a sufficiency of the evidence claim by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Chambers, 944 F.2d 1253, 1266 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (emphasis in original) reh'g denied, 444 U.S. 890 (1979)).
 
 
 8
 The defendants stipulated that Moss possessed 20.6 grams of cocaine. Officer Bass testified that cocaine is generally sold on the street in two-tenths of a gram amounts for approximately $20.00 to $25.00. He further testified that Moss possessed cocaine worth approximately $2,000.00. Officer Smith testified that Moss had $525.00 on his person at the time he was arrested. Moss argues that 20.6 grams is not a large enough quantity to establish that he intended to distribute the cocaine, and argues that there was no other evidence of distribution such as packages or scales. We find, however, that reasonable jurors could have determined that Moss intended to distribute the cocaine, and we decline to reverse his conviction of Count 2 on this basis.
 
 
 9
 Moss argues that the District Court erred in denying his motion for judgment of acquittal on Count 3. He argues that the government failed to establish that Moss had possession of the gun, encouraged Thompson to carry the gun, or that he even knew that Thompson had a gun. To be guilty of aiding and abetting, a defendant must both associate himself with the crime and participate in the crime. United States v. Hughes, 891 F.2d 597, 599 (6th Cir.1989) (citing Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)). We find that the government failed to present evidence from which the jury could find that Moss knew that Thompson had a gun. The government argues that Moss could have seen the gun, but the only testimony regarding the visibility of the gun was by Officer Bass, who stated that he did not see the gun until he patted down Thompson immediately before placing him in the police car. He had not observed it when speaking to Thompson. The only evidence presented by the government that the defendants were associated was that they had driven together from Mississippi to Memphis and were both on the street in front of 919 Kney at the same time. We find that this evidence is insufficient to establish that Moss aided and abetted Thompson in carrying the gun. We therefore reverse Moss' conviction of Count 3.
 
 
 10
 We further find that the evidence presented by the government was insufficient to support Thompson's conviction of Count 2. The government failed to present evidence that Thompson knew that Moss was carrying cocaine, that Thompson had control over the cocaine, or that Thompson in any way participated in possessing the cocaine with intent to distribute. The only evidence presented was that Moss possessed 20.6 grams of cocaine with intent to distribute it, that the defendants travelled together to Memphis, and they were both outside 919 Kney. The only possible way in which Thompson could be said to have aided and abetted Moss in his possession of the 20 grams would be that Thompson carried the gun to protect Moss' drugs. However, in view of the modest quantity of drugs and money possessed by Moss, we believe it could be speculative to infer that Thompson had the gun for that purpose. We therefore reverse Thompson's conviction of Count 2.
 
 
 11
 Because there is insufficient evidence to sustain Thompson's conviction on Count 2, his conviction on Count 3 also must be reversed. Title 18 U.S.C. § 924(c) prohibits carrying a firearm during and in relation to a drug trafficking crime. A drug trafficking crime is defined as any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or the Maritime Drug Law Enforcement Act, 46 U.S.C.App. § 1901 et seq. 18 U.S.C. § 924(c)(2). Thompson was charged in Counts 1 and 2 with violations of 21 U.S.C. 841(a)(1). Title 21 U.S.C. § 841(a)(1) makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The jury acquitted Thompson of Count 1 and we reverse his conviction on Count 2. Therefore, Thompson has not been convicted of a drug trafficking crime which may serve as the basis for a conviction under section 924(c). The jury did find Thompson guilty of possession of cocaine base, but this offense is not a drug trafficking crime that may serve as a predicate to a section 924(c) conviction. We therefore reverse Thompson's conviction of Count 3.
 
 III.
 
 12
 Accordingly, we AFFIRM Thompson's conviction for possession of cocaine base, and REVERSE his convictions for possession with intent to distribute cocaine and carrying a firearm during a drug trafficking offense. We AFFIRM Moss' conviction for possession with intent to distribute cocaine, and REVERSE his conviction for carrying a firearm during a drug trafficking offense. We REMAND to the District Court for resentencing not inconsistent with this opinion.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation